Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
MICHAEL NANTO

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
## SAN DIEGO DIVISION

| | |
|---|---|
| MICHAEL NANTO, | ) |
| | ) |
| Plaintiff, | ) **Case No.: '18 CV 1632 W    KSC** |
| | ) |
| v. | ) **PLAINTIFF'S** |
| | ) **COMPLAINT** |
| | ) |
| JPL RECOVERY SOLUTIONS, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, MICHAEL NANTO ("Plaintiff"), through his attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, JPL RECOVERY SOLUTIONS, LLC ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA).

- 1 -

2. Count II of the Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in San Diego, San Diego County, California.

7. Plaintiff is a consumer as that term is defined by the FDCPA and RFDCPA.

8. Plaintiff allegedly owes a debt as that term is defined by the FDCPA

and RFDCPA.

9. Defendant is a debt collector as that term is defined by the FDCPA and RFDCPA.

10. Within the past year of Plaintiff filling this complaint, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency located in Amherst, New York.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

- 3 -

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

19. The alleged debt at issue arises from transactions for personal, family, and household purposes.

20. Within the past year of Plaintiff filing this Complaint, Defendant began placing collection calls to Plaintiff on Plaintiff's cellular telephone at xxx-xxx-4098, in an attempt to collect the alleged debt.

21. Defendant calls Plaintiff from 760-904-3744, which is one of Defendant's telephone numbers.

22. On or around May 8, 2018, Plaintiff spoke with one of Defendant's collectors and requested Defendant stop calling him.

23. Despite Plaintiff's request to stop calling, Defendant continued to place collection calls to Plaintiff's telephone.

24. Since Defendant began calling Plaintiff, one of Defendant's female collectors left the following voicemail message on Plaintiff's telephone:

a. "Good morning. This message goes out to Michael Nanto. Please contact my office at 855-807-1017. Please contact my office immediately. 855-807-1017. Thank you."

25. Defendant's female collector was working within the scope of her employment when she communicated with Plaintiff.

26. Defendant's female collector is familiar with the FDCPA and the RFDCPA.

27. Defendant's female collector knows the FDCPA and RFDCPA requires debt collectors to identify the company's name when communicating with a consumer.

28. Defendant's female collector knows the FDCPA requires the debt collector to disclose that the communication is from a debt collector and that any information obtained will be used for that purpose.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

29. Defendant violated the FDCPA based on the following:

a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to place collection

calls to Plaintiff after Plaintiff requested Defendant stop calling him;

b.  Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested Defendant stop calling him;

c.  Defendant violated § 1692d(6) of the FDCPA by placing a call to Plaintiff without meaningful disclosure of the caller's identity, when Defendant's female collector did not identify the company's name as JPL Recovery Solutions, LLC while communicating with Plaintiff;

d.  Defendant further violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant created the false impression on Plaintiff that Defendant was permitted to call Plaintiff with impunity despite Plaintiff's request for the Defendant to stop calling him;

e.  Defendant violated § 1692e(11) of the FDCPA by failing to

- 6 -

disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Defendant's female collector failed to disclose that she is a debt collector attempting to collect a debt;

f.  Defendant violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt, when Defendant continued to place collection calls to Plaintiff after Plaintiff orally disputed owing the debt;

g.  Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication during the time period prescribed in § 1692g(a) and (b) that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt, when Defendant continued to place collection calls to Plaintiff after Plaintiff orally disputed owing the debt; and

h.  Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, MICHAEL NANTO, respectfully requests

PLAINTIFF'S COMPLAINT

judgment be entered against Defendant, JPL RECOVERY SOLUTIONS, LLC, for the following:

30. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

31. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

32. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff repeats and re-alleges paragraphs 1-28 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

30. Defendant violated the RFDCPA based on the following:

    a. Defendant violated § 1788.11(b) of the RFDCPA by placing telephone calls without disclosure of the caller's identity, when Defendant's female collector did not identify the company's name as JPL Recovery Solutions, LLC while communicating with Plaintiff;

    a. Defendant violated § 1788.11(d) of the RFDCPA by causing Plaintiff's telephone to ring repeatedly and continuously so as to annoy Plaintiff, when Defendant continued to place collection

calls to Plaintiff after Plaintiff requested Defendant stop calling him;

b. Defendant violated § 1788.11(e) of the RFDCPA by placing collection calls to Plaintiff with such frequency that was unreasonable and constituted harassment, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested Defendant stop calling him; and

c. Defendant violated the § 1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

WHEREFORE, Plaintiff, MICHAEL NANTO, respectfully requests judgment be entered against Defendant, JPL RECOVERY SOLUTIONS, LLC, for the following:

31. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

32. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

33. Any other relief that this Honorable Court deems appropriate.

PLAINTIFF'S COMPLAINT

RESPECTFULLY      SUBMITTED,

DATED:  July 19, 2018          By: /s/ Michael S. Agruss
                                    Michael S. Agruss
                                    Attorney for Plaintiff

PLAINTIFF'S COMPLAINT